UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAIL A. CLARK,

    Plaintiff,

v.                                                   Case No: 8:20-cv-1261-WFJ-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on Plaintiff Gail A. Clark's complaint, Dkt. 1, seeking judicial review of the Commissioner of the Social Security Administration's denial of her claim for a period of disability and disability insurance benefits. United States Magistrate Judge Julie S. Sneed issued a report recommending that the Commissioner's decision be affirmed. Dkt. 34. Plaintiff timely filed objections, Dkt. 35, to which the Commissioner filed a response, Dkt. 36. Upon careful consideration, the Court overrules Plaintiff's objections and adopts Judge Sneed's report and recommendation.

    A district court may accept, reject, or modify "in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). If objections are filed, as here, a *de*

*novo* determination is required "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *LeCroy v. McNeil*, 397 F. App'x 554, 2 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Here, Plaintiff makes three objections to the report and recommendation that the Court addresses in turn. Plaintiff's first objection largely repeats her initial allegations that the Administrative Law Judge ("ALJ") did not comply with the Hearings, Appeals, and Litigation Law Manual for the Social Security Administration when he failed to consider all evidence from her prior file. The Court agrees with Judge Sneed's previous determination that even if the ALJ erred in this respect, Plaintiff has not demonstrated that she was prejudiced by any such error. Plaintiff has not cited any specific evidence that the ALJ did not consider that would have had a prejudicial effect on his ultimate decision.

While Plaintiff's second objection asserts that the ALJ's hypothetical questions posed to the vocational expert were incomplete regarding exposure to direct sunlight and ability to travel, Plaintiff has not shown that this amounts to reversible error. The vocational expert stated that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), which she also noted does not

2

address exposure to direct sunlight. Dkt. 20-2 at 60. The ALJ therefore relied on both the vocational expert's testimony and the DOT. *See Hedges v. Comm'r of Soc. Sec.*, 530 F. Supp. 3d 1083, 1096−97 (M.D. Fla. 2021) (finding ALJ did not commit reversible error after posing an incomplete hypothetical to vocational expert, who stated that his testimony was consistent with the DOT).

Consequently, the ALJ's finding that Plaintiff could perform past relevant work was based on substantial evidence, and—contrary to Plaintiff's third objection—there was no need to proceed to the next step of the evaluation process.

Judge Sneed's report and recommendation, Dkt. 34, is hereby **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record